a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERECK D. TAYLOR, JR., Plaintiff | CIVIL DOCKET NO. 1:20-CV-00215-P |
| VERSUS | JUDGE DRELL |
| HARD TIMES NEWSPAPER, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Dereck D. Taylor, Jr. (#594882) ("Taylor"). Taylor is a pretrial detainee at the Rapides Parish Detention Center ("RPDC") in Alexandria, Louisiana. Taylor complains that Hard Times Newspaper and KALB published false information about him.

Because Taylor fails to state a constitutional claim against Defendants, his Complaint (ECF Nos. 1, 14) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Taylor complains that Defendants have slandered his name by publishing false information about him in a newspaper and on social media.

II. **Law and Analysis**

    A. **Taylor's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Taylor is an inmate who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Taylor's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Taylor's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B. **Taylor cannot state a § 1983 claim against Defendants.**

Taylor names Hard Times Newspaper and KALB as Defendants. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of

conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.*

Defendants are not state actors subject to § 1983 liability. *See e.g.*, *Lavergne v. Dateline NBC*, 597 F. App'x 760 (5th Cir. 2015) (NBC was not a state actor but rather a private broadcasting corporation so not subject to Section 1983 claim); *Ford v. Doe*, 16-CV-1608, 2017 WL 579946, at *2 (W.D. La. Jan. 24, 2017), *report and recommendation adopted*, 2017 WL 562417 (W.D. La. Feb. 10, 2017) (KTBS is a privately owned television station, not a state actor or agency, so it could not be liable under § 1983); *Payne v. City of Mobile Police Dep't*, 2015 WL 9703356, *3 (S.D. Ala. 2015) (holding "Fox 10 News is not a state actor," and collecting similar cases).

Moreover, injury to reputation alone does not give rise to § 1983 liability. *See Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988) (a damaged reputation does not implicate any liberty or property rights sufficient to invoke § 1983); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (injury to reputation as a result of libel or slander in a false prison report does not give rise to § 1983 injury). An individual's interest in his reputation is a matter of state tort law, and is not cognizable under § 1983. *See Smith v. Olivarez*, 05-CV-416, 2005 WL 2405926, at *2 (S.D. Tex. Sept. 29, 2005), *report and recommendation adopted*, 05-CV-416, 2005 WL 2839815 (S.D. Tex. Oct. 24, 2005) (citing *Paul v. Davis*, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

### III. Conclusion

Because Defendants cannot be held liable under § 1983 for Taylor's claims, IT IS RECOMMENDED that Taylor's Complaint (ECF Nos. 1, 14) be DENIED and DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE